## JAMES HAMILTON v. CHARLES W. HEWGLEY.

PLEADING AND PRACTICE. The defendant prayed for leave to file his answer as a cross-bill for process, etc., but at the conclusion of the answer is the words, "Process waived." Defendant failed to execute bond, or take any other step necessary in the prosecution of a cross-bill. No answer or other appearance was made by complainant, and no issue was made upon the allegations in the cross-bill, nor was judgment *pro confesso* taken. Upon these facts,

*Held*, There was no cross-bill pending in the Court.

### FROM WILSON.

Appeal from the Chancery Court. JNO. P. STEELE, Chancellor.

James Hamilton *v.* Charles W. Hewgley.

JORDAN and JAMES F. STOKES for Hamilton.

HEAD & SONS and TARVER & GOLLADAY for Hewgley.

MCFARLAND, J., delivered the opinion of the Court.

Hamilton filed this bill, alleging, that under a deed of trust, executed to him by John W. Hewgley, he sold a tract of land, which was purchased by John Crudup; that he afterwards, as judgment creditor of John W. Hewgley, redeemed the land from Crudup; that in March, 1863, the defendant, C. W. Hewgley, redeemed the land from complainant with Confederate money.

It is charged that this redemption was agreed to, upon complainant's part, under duress. He charges, that the defendant, at the time, and as a means of effecting his redemption, executed his bond, binding himself to allow " any creditor of John W. Hewgley to redeem said land in Confederate money, unless the Confederate money shall so depreciate that it is not in common use, as it now is, in the Confederate lines."

This bond states that the land will continue subject to redemption until the 1st of September, 1864.

The bill charges, that in August, 1864, the complainant, having obtained other judgments against John W. Hewgley, again proposed to redeem the land from defendant, and tendered the amount due in Confederate money, which was refused.

The bill prays, that the defendant be compelled, under the terms of his bond, to accept the Confederate

money offered in redemption; or if not, that his re-
demption from complainant, in March, 1863, be declared
void, and complainant restored to his rights previous
thereto.

The defendant answered fully to the merits, deny-
ing the complainant's right to relief upon any ground.

In conclusion, he says: "He asks the Court to
adjudicate all matters, enforce title, and possession, if
necessary. He asks to file this answer as a cross-bill,
and for full relief under the judgment of the Court.
He prays for all general and special relief in the
premises—for copy and *spa.* for James Hamilton."

There appears, at the conclusion of this answer, the
words, "Process waived." No bond was ever given
for the prosecution of the cross-bill, no process issued,
no answer, or other defence filed, or judgment *pro
confesso* taken.

Proof was taken, and the Chancellor rendered a
decree, denying relief to both parties, and dismissing
the bill and "cross-bill," and from this decree the
complainant alone appealed. He now moves for leave
to dismiss his appeal. This is strongly resisted by
the defendant, at least, it is urged that the dismissal
shall not affect the complainant's right to a decree in
this Court upon the cross-bill for a title to the land,
no deed ever having been made by the complainant,
as trustee, to any one.

And upon this, the question argued is, whether or
not the appeal of a complainant from a decree dismis-
sing his bill, brings up for review in this Court the

James Hamilton *v.* Charles W. Hewgley.

matter involved in the cross-bill, there being no appeal from the decree dismissing the cross-bill.

This question we will not now consider. We hold there was no cross-bill pending in the Court below.

The defendant prayed for leave to file his answer as a cross-bill, for process, etc.; but failed to execute bond, or to take any other step necessary in the prosecution of a cross-bill. No answer, or other appearance was made by Hamilton, and no issue was made upon the allegations of the cross-bill, nor was judgment *pro confesso* taken. All this cannot be obviated by the endorsement upon the bill of the words "process waived." It does not appear by whom this was made, and if it did, it would not meet the objection.

So, as we hold that there was no cross-bill pending below, the question whether the appeal of a complainant from the decree dismissing his original bill brings up the cross-bill, where there was a cross-bill pending, and which was dismissed for action here, does not arise. The motion of complainant to dismiss his appeal will be allowed. The result would be the same upon a hearing, for, upon examination of the record, we think the complainant would be entitled to no relief.

If the defendant is entitled to a decree for title to the land, there is nothing in the decree to bar his relief upon a bill for that purpose.

Appeal dismissed at complainant's costs.